[Cite as *State v. Stevens*, 2012-Ohio-4095.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

STATE OF OHIO

    Appellee

v.

RICHARD W. STEVENS

    Appellant

C.A. No.    11CA009995

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE Nos.    10CR080870 and
                    10CR080938

DECISION AND JOURNAL ENTRY

Dated: September 10, 2012

BELFANCE, Judge.

{¶1}    Defendant-Appellant Richard Stevens appeals from decisions of the Lorain County Court of Common Pleas. For the reasons set forth below, we affirm.

I.

{¶2}    An indictment was filed against Mr. Stevens on August 5, 2010, in case number 10CR080870 for one count of kidnapping with two specifications, one count of rape with a specification, one count of aggravated burglary with one specification, and one count of disrupting public services. That same day an indictment was filed against Mr. Stevens in case number 10CR080938 for one count of theft. Both indictments relate to conduct that allegedly took place on June 17, 2010.

{¶3}    On April 6, 2011, Mr. Stevens filed a motion to dismiss asserting a violation of his right to a speedy trial. His motion was denied on April 7, 2011, following a hearing. The cases proceeded to a consolidated trial by jury. The jury found Mr. Stevens not guilty of rape,

kidnapping, and aggravated burglary and guilty of disrupting public services and unauthorized use of a motor vehicle (as a lesser included offense of theft). Mr. Stevens was sentenced to a total of 18 months in prison. Mr. Stevens has appealed, raising four assignments of error for our review.

II.

ASSIGNMENT OF ERROR I

TRIAL COURT ERRED IN VIOLATING DEFENDANT'S CONSTITUTIONAL RIGHT TO A SPEEDY TRIAL[.]

{¶4} Mr. Stevens asserts in his first assignment of error that the trial court violated his constitutional right to a speedy trial. However, Mr. Stevens' entire argument focuses on an alleged violation of his statutory right to a speedy trial, and he offers no argument explaining how his constitutional right to a speedy trial was violated. Thus, this Court will focus on Mr. Stevens' statutory right to a speedy trial. *See* App.R. 16(A)(7).

{¶5} This Court has previously stated:

"[t]he right of an accused to a speedy trial is recognized by the Constitutions of both the United States and the State of Ohio." *State v. Pachay*, 64 Ohio St.2d 218, 219 (1980). There is also a statutory right to a speedy trial in Ohio. "Upon motion made at or prior to the commencement of trial, a person charged with an offense shall be discharged if he is not brought to trial within the time required by sections 2945.71 and 2945.72 of the Revised Code." R.C. 2945.73(B). Under Section 2945.71(C)(2) of the Ohio Revised Code, a person charged with a felony must be brought to trial within 270 days of his arrest.

*State v. Jackson*, 9th Dist. No. 11CA010012, 2012-Ohio-3524, ¶ 8. R.C. 2945.71(E) provides that "each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days." "The defendant's speedy trial clock begins to run on the day after arrest or service of summons." *State v. Williams,* 9th Dist. No. 11CA010026, 2012-Ohio-3417, ¶

25. However, R.C. 2945.72 lists various events that will toll the running of the speedy-trial clock.

{¶6} Mr. Stevens was arrested June 17, 2010, and, thus, his speedy-trial time began to run on June 18, 2010. Ultimately, Mr. Stevens' jury trial began on April 13, 2011. Thus, the date of Mr. Stevens' trial marked the 300th day following his arrest.

{¶7} On April 6, 2011, Mr. Stevens filed a motion to dismiss (in both cases), asserting that his statutory and constitutional speedy-trial rights were violated.[1] That motion was later renewed and clarified on the date of trial prior to its commencement.

{¶8} On appeal, Mr. Stevens' sole argument is that the trial court erred in not applying the triple-count provision found in R.C. 2945.71(E), and thus, Mr. Stevens had to be brought to trial in 90 days, as opposed to 270 days. In so doing, Mr. Steven relies on *State v. Parker,* 113 Ohio St.3d 207, 2007-Ohio-1534. The State, however, concedes that *Parker* and R.C. 2945.71(E)'s triple-count provision applies to Mr. Stevens' case. We agree. *See Parker* at paragraphs one and two of the syllabus.

{¶9} Between June 18, 2010, and August 13, 2010, 56 days, or 168 days applying the triple-count provision, passed without any tolling events. On August 13, 2010, Mr. Stevens signed a speedy-trial waiver that provided he waived his speedy-trial rights from August 13, 2010, to August 27, 2010. Further, on August 27, 2010, until January 27, 2011, time was tolled as various pretrials were continued or set at Mr. Stevens' request. *See State v. Zimmerman*, 9th Dist. No. 23089, 2006-Ohio-6004, ¶ 10, fn. 1; *State v. Myers*, 97 Ohio St.3d 335, 2002-Ohio-6658, ¶ 34; R.C. 2945.72(E). However, there appears to be no tolling event between January 27,

---

[1] Notably, while Mr. Stevens referenced his constitutional right to speedy trial in his motion to dismiss, he made no argument concerning that right either in his motion or at the hearing on his motion.

2011, and February 18, 2011. Between those two dates, 22 days passed (66 employing the triple count provision), bringing the total days chargeable to the State to 78 actual days and 234 days employing the triple-count provision.

{¶10} On February 18, 2011, prior to the expiration of Mr. Stevens' speedy-trial time when taking into account tolling events, at a pretrial, the trial court sua sponte continued the trial date from February 23, 2011, until April 13, 2011, stating that the trial was continued because "the court is in trial on another case" on February 23, 2011. R.C. 2945.72(H) permits the speedy-trial clock to be tolled for the "period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion." "When a trial court exercises its discretion to continue the period for trial beyond the statutory limit, the continuance is entered under the second clause of subsection (H) and, therefore, the period of continuance must be reasonable." *State v. Ramey*, 132 Ohio St.3d 309, 2012-Ohio-2904, ¶ 28. "Ideally, [w]hen sua sponte granting a continuance under R.C. 2945.72(H), the trial court must enter the order of continuance and the reasons therefor by journal entry prior to the expiration of the time limit prescribed in R.C. 2945.71 for bringing a defendant to trial." (Internal quotations and citations omitted.) *Id.* at ¶ 32. If the trial court fails to perfectly comply with this requirement, "an appellate court may affirm a conviction challenged on speedy-trial grounds even if the trial court did not expressly enumerate any reasons justifying the delay when the reasonableness of the continuance is otherwise affirmatively demonstrated by the record." *Id.* at ¶ 33.

{¶11} Here, at the hearing on Mr. Stevens' motion to dismiss, the record reflects that, at the time of the scheduled trial in February 2011, the court was already in trial. In addition, there were uncontested assertions that the parties agreed to the April 13, 2011 trial date and that that

trial date was the first trial date at which counsel for both parties were available. Likewise, in the trial court's entry denying Mr. Stevens' motion to dismiss, the trial court noted that April 13, 2011, was selected as the trial date, because it was "[t]he earliest date available for trial[.]" In light of the foregoing, we cannot say that the trial court's continuance of the trial date to April 13, 2011, was unreasonable, and, thus, the continuance tolled the speedy-trial clock. *See id.* at ¶ 28.

{¶12} We also note that, in the same entry continuing the trial date, the trial court indicated that Mr. Stevens requested that a final pretrial be set for March 17, 2011, which would also toll the speedy-trial clock. *See* R.C. 2945.72(E). In addition, in the entry, the trial court ordered Mr. Stevens to provide the State with discovery. It is unclear when the State requested the discovery it did not receive. The only discovery request from the State in the record was filed August 23, 2010. As of the date of the motion to dismiss hearing held on April 7, 2011, the State indicated that Mr. Stevens still had not complied with the State's discovery request. Thus, the trial court could have charged at least a portion of that time to Mr. Stevens due to his neglect in responding to discovery requests. *See State v. Palmer*, 112 Ohio St.3d 457, 2007-Ohio-374, paragraphs one through three of the syllabus; *see also State v. Miller*, 9th Dist. No. 07CA0037-M, 2008-Ohio-1002, ¶ 10; R.C. 2945.72(D). Further, the filing of the motion to dismiss on April 6, 2011, tolled the clock until it was ruled upon on April 7, 2011. *See State v. Szorady,* 9th Dist. No. 02CA008159, 2003-Ohio-2716, ¶ 14. Moreover, Mr. Stevens has not explained how, given the tolling events, he was tried outside the speedy-trial timeframe, even when applying the triple-count provision. *See* App.R. 16(A)(7).

{¶13} In light of all of the foregoing, we conclude that Mr. Stevens' statutory speedy-trial rights were not violated because, when tolling events are taken into account, Mr. Stevens

was brought to trial within the requisite time period. Accordingly, Mr. Stevens' first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

THE EVIDENCE WAS INSUFFICIENT AS A MATTER OF LAW TO SUPPORT A FINDING BEYOND A REASONABLE DOUBT THAT APPELLANT WAS GUILTY[.]

{¶14} Mr. Stevens asserts in his second assignment of error that the jury's finding of guilty on the unauthorized use of a motor vehicle charge is based upon insufficient evidence. We do not agree.

{¶15} In determining whether the evidence presented was sufficient to sustain a conviction, this Court reviews the evidence in the light most favorable to the prosecution. *State v. Jenks*, 61 Ohio St.3d 259, 274 (1991). Furthermore:

> [a]n appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.

*Id*. at paragraph two of the syllabus.

{¶16} R.C. 2913.03(A) provides that "[n]o person shall knowingly use or operate an aircraft, motor vehicle, motorcycle, motorboat, or other motor-propelled vehicle without the consent of the owner or person authorized to give consent." "A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist." R.C. 2901.22(B).

{¶17} Mr. Stevens and the victim were involved in a tumultuous relationship which ended in the end of May 2010 when Mr. Stevens moved out of the victim's residence following a heated argument. Subsequently, Mr. Stevens sent a series of emails to the victim professing his love for her and expressing his desire to resume their relationship. The victim averred that he also frequently called her. In one email in response, the victim told Mr. Stevens that she was seeing someone else and that they both should move on with their lives.

{¶18} In the early morning hours of June 17, 2010, the victim alleged that Mr. Stevens broke into her apartment and raped her. During the incident, the victim asked Mr. Stevens how he got to her apartment and he told her that he "stole Venny's car." The victim identified Venny as a friend of Mr. Stevens that "he had been renting off of." The victim also testified that, after the alleged attack, "[she] realized that [she] had no idea what kind of car Venny had, so [she] wouldn't be able to tell anybody what [Mr. Stevens] left in, so [she] went to the patio door * * * and [she saw] a light-colored SUV go out and [she] knew that it was him."

{¶19} Detective Lisa Dietsche testified that the victim told her that the victim saw Mr. Stevens get into a white SUV after he left her apartment. Upon further investigation, police discovered that Mr. Stevens had a possible connection to Venise Bryant. When officers drove past Ms. Bryant's residence they saw a white SUV in her driveway.

{¶20} Venise Bryant testified that she owns a white 1998 Ford Explorer and that on June 17, 2010, Mr. Stevens was living in her home. She testified that she had allowed him to drive her vehicle before she found out he did not have a driver's license but not after. She also indicated that Mr. Stevens had never asked to borrow her vehicle and that he did not have keys to the vehicle. She testified that Mr. Stevens was at home on the computer when she went to bed around 11:30 pm on June 16, 2010, and that, when police arrived the next morning, Mr. Stevens

was in his bed. The police then asked her to take her vehicle to the police station. At the station, Ms. Bryant noticed that her belongings were not where she left them. She stated that she noticed that her "bingo bag was in the floorboard and [she] had went to bingo the night before, and [she] had set it in [her] passenger seat[.]" She stated she always kept her bingo bag on her passenger seat. Ms. Bryant thereafter filed a stolen vehicle report.

{¶21} We conclude that the State presented sufficient evidence, if believed, whereby a jury could find Mr. Stevens guilty of unauthorized use of a motor vehicle. There was evidence presented that Mr. Stevens told the victim that he stole "Venny's" vehicle to get to the victim's home. Immediately after the incident, the victim saw a white SUV leaving her residence. Ms. Bryant owned a white SUV, and there was testimony that Mr. Stevens was staying at Ms. Bryant's home at the time. Ms. Bryant indicated that Mr. Stevens had never asked to borrow the vehicle and that she stopped letting him use the vehicle after she found out that he did not have a license. Ms. Bryant further testified that her belongings were out of place when she saw the vehicle the next day. From all of the above, a reasonable jury could conclude that Mr. Stevens knowingly used the white SUV owned by Ms. Bryant without her consent. *See* R.C. 2913.03(A). Accordingly, we overrule Mr. Stevens' second assignment of error.

## ASSIGNMENT OF ERROR III

APPELLANT'S CONVICTION IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE[.]

{¶22} Mr. Stevens asserts in his third assignment of error that his conviction for unauthorized use of a motor vehicle is against the manifest weight of the evidence. We do not agree.

{¶23} In reviewing a challenge to the weight of the evidence, the appellate court:

must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.

*State v. Otten*, 33 Ohio App.3d 339, 340 (9th Dist.1986).

**{¶24}** Mr. Stevens essentially argues his conviction is against the manifest weight because there was no physical evidence or eyewitnesses placing Mr. Stevens in the white SUV. In addition, Mr. Stevens alleges that Ms. Bryant's testimony is not credible because she was acting to protect her own interests and did not want to be involved in the investigation. We are not persuaded by Mr. Stevens' arguments.

**{¶25}** As discussed above, there was substantial circumstantial evidence that linked Mr. Stevens to the white SUV at issue. Initially we note that there was testimony that Mr. Stevens admitted to stealing a vehicle from Venny to get to the victim's apartment. The victim saw a white SUV leaving the scene. Ms. Venise Bryant, with whom Mr. Stevens lived, owned a white SUV and noticed that her belongings that she kept in the vehicle were not where she left them following the incident in question. Moreover, Ms. Bryant stated that Mr. Stevens did not ask to borrow her vehicle and that, once she learned that he did not have a driver's license, she no longer allowed him to use the vehicle.

**{¶26}** With respect to Ms. Bryant's credibility, we note that the jury was able to observe Ms. Bryant's demeanor and facial expressions and more fully evaluate her credibility. We find nothing in her testimony specifically evidencing any bias or ulterior motivation, and Mr. Stevens has not pointed to anything that evidences the same. Based upon the record before us, we cannot say that the jury's credibility determinations were unreasonable or that it lost its way in

convicting Mr. Stevens of unauthorized use of a vehicle. Mr. Stevens' third assignment of error is overruled.

## ASSIGNMENT OF ERROR IV

TRIAL COURT ERRED IN IMPOSING THE MAXIMUM STATED SENTENCE.

{¶27} Mr. Stevens asserts in his fourth assignment of error that the trial court erred in imposing the maximum sentence of 18 months for his conviction for disrupting public services.

{¶28} Mr. Stevens acknowledges that he has already completed his prison sentence and concedes that "the issue may[ ]be moot," yet he nonetheless believes that we should address the issue on appeal. Mr. Stevens has provided no compelling argument as to why we should address this issue when we could provide him with no relief, even assuming the trial court erred in fashioning his sentence. Accordingly, and in light of our resolution of his other assignments of error, we decline to address his argument. *See* App.R. 12(A)(1)(c).

## III.

{¶29} In light of the foregoing, we affirm the judgment of the Lorain County Court of Common Pleas.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

EVE V. BELFANCE
FOR THE COURT

WHITMORE, P. J.
CONCURS.

DICKINSON, J.
CONCURS IN JUDGMENT ONLY.

APPEARANCES:

JENIFER C. BERKI, Attorney at Law, for Appellant.

DENNIS P. WILL, Prosecuting Attorney, and MARY R. SLANCZKA, Assistant Prosecuting Attorney, for Appellee.