[Cite as *State v. Bellomy*, 2013-Ohio-3187.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| STATE OF OHIO | C.A. No. 12CA0075-M |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| KENNETH D. BELLOMY | COURT OF COMMON PLEAS COUNTY OF MEDINA, OHIO |
| Appellant | CASE No. 12CR0039 |

DECISION AND JOURNAL ENTRY

Dated: July 22, 2013

HENSAL, Judge.

{¶1} Defendant-Appellant, Kenneth D. Bellomy, appeals from his conviction in the Medina County Court of Common Pleas. This Court affirms.

I.

{¶2} Kenneth D. Bellomy and M.T. dated off and on for approximately ten months. After the relationship ended in 2010, M.T. obtained a protection order against Bellomy. He was convicted of two counts of violating the protection order in 2011. On November 22, 2011, M.T. was granted a civil stalking protection order, which provided for a longer period of protection from Bellomy. The order provided in part that Bellomy was not to initiate or have any contact with M.T. via telephone.

{¶3} On January 5, 2012, Bellomy admitted to calling M.T. on her cell phone. He argues, however, that he mistakenly dialed M.T.'s telephone number when he attempted to call someone else. When M.T. answered the call, Bellomy hung up without saying anything. The

call lasted three seconds. A jury convicted Bellomy of violating the civil stalking protection order, which is a fifth degree felony. The jury also found that he had a prior conviction for violation of a protection order. Bellomy was sentenced to 30 days in jail, 120 days of home incarceration with review after 60 days and five years of probation. He was also ordered not to have contact with M.T. or her family.

{¶4} Bellomy filed a motion for leave to file a delayed appeal, which was granted by this Court. He raises four assignments of error for our review. We rearrange his assignments of error to facilitate our analysis.

## II.

## ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED BY NOT INSTRUCTING THE JURY ON MISTAKE OF FACT.

{¶5} Bellomy argues that the trial court erred when it denied his request to provide the jury with a mistake of fact instruction. His assignment of error is without merit.

{¶6} Criminal Rule 30(A) provides:

At the close of the evidence or at such earlier time during the trial as the court reasonably directs, any party may file written requests that the court instruct the jury on the law as set forth in the requests. * * * On appeal, a party may not assign as error the * * * failure to give any instructions unless the party objects before the jury retires to consider its verdict, stating specifically the matter objected to and the grounds of the objection.

"Generally, a request for a special jury instruction must be made in writing." *State v. Yates*, 9th Dist. Summit No. 21239, 2003-Ohio-2956, ¶ 18, citing *State v. Franklin*, 62 Ohio St.3d 118, 128 (1991).

{¶7} The record before us contains no written proposed instructions submitted by Bellomy. The transcript indicates that the trial court stated on the record that Bellomy requested

a mistake of fact instruction. The court also stated on the record that Bellomy objected to its decision to exclude the proposed instruction, although his actual objection is not contained in the transcript. The record does not, however, contain the proposed instruction.

{¶8} This Court's review is limited to the record provided by the appellant. App.R. 9; App.R. 12(A)(1)(b). It is the appellant's responsibility pursuant to Appellate Rule 10(A) to ensure that this Court has before it the record necessary for determination of his appeal. Without the language of the proposed instruction included in the record before us, we cannot determine its propriety. Therefore, this Court cannot conclude that the trial court erred in failing to include the mistake of fact instruction. *Yates* at ¶ 19; *State v. Palmison*, 9th Dist. Summit No. 20854, 2002-Ohio-2900, ¶ 39. Accordingly, Bellomy's first assignment of error is overruled.

ASSIGNMENT OF ERROR II

> THE TRIAL COURT ERRED IN NOT GRANTING MR. BELLOMY'S RULE 29 MOTION AT THE CLOSE OF THE STATE'S CASE IN CHIEF BECAUSE THERE WAS NOT SUFFICIENT EVIDENCE TO SUSTAIN A CONVICTION.

{¶9} In his second assignment of error, Bellomy contends that the trial court erred in failing to grant his Criminal Rule 29 motion. This Court disagrees.

{¶10} "'[W]e review a denial of a defendant's Crim.R. 29 motion for acquittal by assessing the sufficiency of the State's evidence.'" *State v. Nurse*, 9th Dist. Summit No. 26363, 2013-Ohio-785, ¶ 4, quoting *State v. Slevin*, 9th Dist. Summit No. 25956, 2012-Ohio-2043, ¶ 15. This Court reviews a question of whether there is sufficient evidence to support a conviction de novo. *State v. Sauto*, 9th Dist. Summit No. 26404, 2013-Ohio-1320, ¶ 41, citing *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997).

> An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is

whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.

*State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus. "The test for sufficiency requires a determination of whether the State has met its burden of production at trial." *State v. Collmar*, 9th Dist. Summit No. 26496, 2013-Ohio-1766, ¶ 7.

{¶11} Bellomy was convicted of violating Revised Code Section 2919.27(A)(2)(B)(3). This statute provides that:

(A)     No person shall recklessly violate the terms of any of the following:

* * *

(2)     A protection order issued pursuant to section * * * 2903.214 of the Revised Code;

* * *

(B)(1) Whoever violates this section is guilty of violating a protection order.

* * *

(3)     If the offender previously has been convicted of [or] pleaded guilty to * * * a violation of a protection order * * *, two or more violations * * * that involved the same person who is the subject of the protection order * * *, or one or more violations of this section, violating a protection order is a felony of the fifth degree.

The evidence established that the civil stalking protection order was issued pursuant to Revised Code Section 2903.14 and that Bellomy was convicted of two counts of violation of a protection order in 2011. Bellomy argues that the prosecution failed to proffer sufficient evidence that he acted recklessly. Revised Code Section 2901.22 provides that:

A person acts recklessly when, with heedless indifference to the consequences, he perversely disregards a known risk that his conduct is likely to cause a certain result or is likely to be of a certain nature. A person is reckless with respect to circumstances when, with heedless indifference to the consequences, he perversely disregards a known risk that such circumstances are likely to exist.

{¶12} M.T. testified at trial that she was first granted a protection order against Bellomy in 2010, which he was convicted of violating in 2011. She further testified that there were several incidents wherein Bellomy initiated unwanted contact with her after the relationship ended. She was granted a five-year civil stalking protection order against Bellomy less than two months before he called her on January 5, 2012. The order included a provision forbidding contact, including by telephone, with M.T. and her two children. Both M.T. and Bellomy were present at the hearing wherein the court advised him of the nature of the order.

{¶13} M.T. testified that on the day of the incident she thought she saw Bellomy's car down the street from her home, which was located in Wadsworth, Ohio. She proceeded home, and about one hour later, her cell phone rang. When she answered it, there was a slight pause before the caller hung up without saying anything. M.T. contacted the police after she realized that Bellomy was the caller. M.T. testified that the cell phone number Bellomy called was the same number she had maintained throughout their relationship. It was the same number that Bellomy made "unwanted" telephone calls to in the past.

{¶14} Officer Daniel Chafin testified that he responded to a call from M.T. about a possible violation of a protection order. He was familiar with the victim's "past interactions or * * * dealings with [Bellomy]" and that she had a protection order against him. M.T. showed him her call log, which reflected the caller's telephone phone number. When Officer Chafin returned to the police station after speaking with M.T., he found that the number on the call log matched the number the police department had in its system for Bellomy.

{¶15} Officer Chafin called and spoke to Bellomy, who admitted that he called M.T., but claimed that he did so by accident. Bellomy told Officer Chafin he was in Orrville, Ohio earlier in the evening, and intended to call a friend from high school who lived in the area, but

that he did not have the friend's number. He guessed at the friend's number, and accidentally dialed M.T.'s number instead. He did not provide the officer with the name of his friend from Orrville whom he allegedly tried to call despite being able to testify to her name at trial.

{¶16} Viewing the evidence in a light most favorable to the prosecution, this Court concludes that there was sufficient evidence from which the jury could have found that the state proved beyond a reasonable doubt that Bellomy recklessly violated the terms of the civil protection order. Despite prior convictions for violation of a protection order involving the same victim, and the fact that he attended a hearing on the civil stalking protection order less than two months before the incident in question, Bellomy acted in such a way as to put himself at risk of violating the order. The evidence supports a conclusion that Bellomy was at the very least reckless in calling M.T. Bellomy's second assignment of error is overruled.

## ASSIGNMENT OF ERROR IV

THE TRIAL COURT ERRED BY NOT ANSWERING THE JURY'S REQUEST FOR A DEFINITION OF NEGLIGENCE.

{¶17} Bellomy contends that the trial court erred by not providing the jury with the definition of negligence as requested in its question to the trial court. This Court disagrees.

{¶18} During deliberations, the jury submitted the following question to the trial court: "Could we please have the definition of negligence in writing?" The judge told the attorneys outside the presence of the jury that, "I'm going to tell them that there is a mental state of negligence but that does not apply in this case, therefore, they're not to concern themselves with it. Is that okay?" Bellomy's counsel responded by saying, "[t]hat's fine" and the prosecutor also expressed his agreement. The trial court proceeded to explain to the jury that it could not answer the question submitted since the requisite mens rea was recklessness, and to provide a definition of a different mental state would "confuse the issue and perhaps distract [the jury]" from

focusing on the appropriate standard. The court asked both the prosecution and the defense if its answer was satisfactory. Both counsel agreed.

**{¶19}** The jury, through its question, essentially asked for a supplemental instruction on the definition of negligence. Failure to object to a jury instruction limits review of the alleged error to the plain error standard. *State v. Bushner*, 9th Dist. Summit No. 26532, 2012-Ohio-5996, ¶ 13. Rule 52(B) provides that "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." "To constitute plain error, the error must be obvious and have a substantial adverse impact on both the integrity of, and the public's confidence in, the judicial proceedings." *State v. Hoang*, 9th Dist. Medina No. 11CA0013-M, 2012-Ohio-3741, ¶ 21. This Court "must take notice of plain error only with the utmost caution, and only then to prevent a manifest miscarriage of justice." *Id.*

**{¶20}** Bellomy did not object to the answer provided to the jury. He has, therefore, forfeited appellate review of this issue, and is subject only to plain error review. Bellomy, however, failed to argue plain error in his brief, and this Court declines to create such an argument on his behalf. *State v. Zepeda-Ramires*, 9th Dist. Lorain No. 12CA010275, 2013-Ohio-1224, ¶ 11. Accordingly, Bellomy's fourth assignment of error is overruled.

ASSIGNMENT OF ERROR III

> THE STATE ERRED BY INCARCERATING MR. BELLOMY FOR 30 DAYS AFTER HIS SENTENCE WITHOUT AWARDING THE CREDIT ORDERED IN THE JUDGMENT ENTRY.

**{¶21}** In his third assignment of error, Bellomy maintains that the trial court failed to give him credit for the 17 days he spent in jail prior to serving his sentence. Bellomy does not appear to challenge the calculation of time served. Rather, he argues that this allegedly resulted

in him spending a total of 47 days in jail when his sentence was only for 30 days. This Court finds that Bellomy's assignment of error is moot, and declines to address it.

{¶22} The transcript of the sentencing hearing reflects that the trial court stated that the 17 days would not be credited to the 30-day jail sentence he received. The sentencing entry, however, provides that Bellomy "is to be incarcerated in the Medina County Jail for thirty (30) days with credit for seventeen (17) days served." It is axiomatic that a court speaks only through its journal entry. *State v. Miller*, 127 Ohio St.3d 407, 2010-Ohio-5705, ¶ 12.

{¶23} Nothing in the record before us suggests that Bellomy served more days than ordered in the court's entry. Notwithstanding this fact, "[i]f an individual has already served his sentence and is only questioning whether or not the sentence was correct, there is no remedy that can be applied that would have any effect in the absence of a reversal of the underlying conviction." *City of Columbus v. Duff*, 10th Dist. Franklin No. 04AP-901, 2005-Ohio-2299, ¶ 12. *See also State v. Stevens*, 9th Dist. Lorain No. 11CA009995, 2012-Ohio-4095, ¶ 28 (defendant "provided no compelling argument as to why we should address [the issue of whether the trial court erred in imposing the maximum sentence] when we could provide him with no relief, even assuming the trial court erred in fashioning his sentence" when he had already completed sentence).

{¶24} In light of our resolution of Bellomy's other assignments of error, which upholds his conviction, this Court finds that his third assignment of error is moot.

III.

{¶25} Bellomy's four assignments of error are overruled. The judgment of the Medina County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

MOORE, P. J.
BELFANCE, J.
CONCUR.

APPEARANCES:

SEAN BUCHANAN, Attorney at Law, for Appellant.

DEAN HOLMAN, Prosecuting Attorney, and MATTHEW A. KERN, Assistant Prosecuting Attorney, for Appellee.