**[Cite as *State v. Kotowski*, 2021-Ohio-3068.]**

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | |

STATE OF OHIO

    Appellee

v.

MICHAEL KOTOWSKI

    Appellant

C.A. Nos.    20AP0026
    20AP0029

APPEAL FROM JUDGMENT
ENTERED IN THE
WAYNE COUNTY MUNICIPAL COURT
COUNTY OF WAYNE, OHIO
CASE No.    2019 CR-B 001450

DECISION AND JOURNAL ENTRY

Dated: September 7, 2021

CARR, Presiding Judge.

{¶1}    Defendant-Appellant Michael Kotowski appeals from the judgment of the Wayne County Municipal Court. This Court affirms.

I.

{¶2}    On August 31, 2019, Kotowski entered the home of B.H. against her wishes. B.H. grabbed a kitchen knife to defend herself. She was attempting to get Kotowski to leave when he took B.H.'s hand and placed the knife against her chin and throat. Neighbors overheard the altercation and tried to intervene. A physical altercation between the neighbors and Kotowski ensued. Kotowski retreated to his vehicle and returned with a gun that he pointed at the neighbors. Police were called to the scene.

{¶3}    In October 2019, a complaint was filed charging Kotowski with one count of aggravated trespass and one count of aggravated menacing. Ultimately, Kotowski pleaded no contest to one count of aggravated trespass and the aggravated menacing charge was dismissed.

A presentence investigation and victim impact statement were ordered. In June 2020, Kotowski was sentenced to 90 days in jail, with the ability to serve 45 of the days on house arrest if he qualified. In addition, Kotowski was placed on community control for 18 months and ordered to pay a $500.00 fine along with court costs. Kotowski was informed that if he violated community control, he would be subject to various sanctions including the possibility of 90 days in jail.

{¶4} In September 2020, Kotowski filed a motion indicating that he had served the 45 days of house arrest and requested that he be allowed to serve the remaining 45 days on house arrest as well. The trial court denied the motion. Kotowski was ordered to begin serving his jail sentence on October 3, 2020.

{¶5} Kotowski then filed a motion for a delayed appeal from the June 2020 sentencing entry and filed a notice of appeal from the denial of his motion to serve his remaining time on house arrest. This Court granted the motion for a delayed appeal and subsequently consolidated the appeals.

{¶6} Kotowski has raised two assignments of error for our review. None of Kotowski's assignments of error relate to the denial of his motion to serve his remaining time on house arrest.

II.

**ASSIGNMENT OF ERROR I**

KOTOWSKI WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL AS GUARANTEED BY THE OHIO CONSTITUTION AND THE U.S. CONSTITUTION.

{¶7} Kotowski argues in his first assignment of error that he was denied the effective assistance of trial counsel. He asserts that trial counsel failed to inform Kotowski of the

consequences of entering a no contest plea to aggravated trespassing. In particular, Kotowski maintains that trial counsel never informed Kotowski that a jail term was likely.

{¶8} In order to prevail on a claim of ineffective assistance of counsel, Kotowski must show that "counsel's performance fell below an objective standard of reasonableness and that prejudice arose from counsel's performance." *State v. Reynolds*, 80 Ohio St.3d 670, 674 (1998), citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "If a defendant pleads no contest to an offense, in order to demonstrate prejudice of his counsel's representation, he must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded no contest and would have insisted on going to trial." (Internal quotations and citations omitted.) *State v. Lee*, 9th Dist. Summit No. 29597, 2020-Ohio-4970, ¶ 29.

{¶9} Here, while Kotowski claims that trial counsel failed to inform him that a jail term was likely, he points to nothing in the record to support his argument. *See* App.R. 16(A)(7). "On direct appeal, an appellant may not establish ineffective assistance of counsel based upon evidence outside the record." *State v. Biggins*, 9th Dist. Medina No. 17CA0043-M, 2018-Ohio-1878, ¶ 10. Kotowski has not demonstrated that his trial counsel provided ineffective assistance.

{¶10} Kotowski's first assignment of error is overruled.

### ASSIGNMENT OF ERROR II

KOTOWSKI'S SENTENCING IS EXCESSIVE, CONTRARY TO LAW AND VIOLATES DUE PROCESS. KOTOWSKI'S SENTENCE IS NOT SUPPORTED BY THE RECORD AND WITHOUT MAKING REQUISITE STATUTORY FINDING.

{¶11} Kotowski argues in his second assignment of error that the trial court erred in sentencing him to 90 days in jail as it failed to consider all of the sentencing factors in R.C. 2929.22. He has not challenged any other aspect of his sentence. Because we determine his argument is moot, we decline to further address it.

{¶12} Here, the record reflects that Kotowski served 45 of his 90-day sentence via house arrest. Then, on October 3, 2020, Kotowski was to report to jail to serve the remaining 45 days. An entry filed November 16, 2020, which is titled "Commitment[,]" is stamped with the notation "TIME SERVED" and is signed by the Wayne County Jail Sheriff. Accordingly, it appears that Kotowski has served the entire jail sentence he challenges on appeal. *See Breen v. Summit Cty. Child Support Enforcement Agency*, 9th Dist. Summit No. 28759, 2018-Ohio-2501, ¶ 7 ("[A] court may consider evidence that is outside the record to determine if a case is moot.") (Internal quotations and citations omitted.).

{¶13} "If an individual has already served his sentence and is only questioning whether or not the sentence was correct, there is no remedy that can be applied that would have any effect in the absence of a reversal of the underlying conviction." (Internal quotations and citation omitted.) *State v. Bellomy*, 9th Dist. Medina No. 12CA0075-M, 2013-Ohio-3187, ¶ 23. As Kotowski served the 90-day sentence he challenges on appeal, and that underlying conviction has not been reversed on appeal, his argument here is moot. *See id.* at ¶ 24.

{¶14} Kotowski's second assignment of error is moot.

III.

{¶15} Kotowski's first assignment of error is overruled, and his second assignment of error is moot. The judgment of the Wayne County Municipal Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Wayne County Municipal Court, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

---

DONNA J. CARR
FOR THE COURT

CALLAHAN, J.
SUTTON, J.
CONCUR.

APPEARANCES:

WESLEY A. JOHNSTON, Attorney at Law, for Appellant.

DANIEL R. LUTZ, Prosecuting Attorney, and ANDREA D. UHLER, Assistant Prosecuting Attorney, for Appellee.