[Cite as *State v. Swisher*, 2023-Ohio-3327.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No. 30169 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| JAMES EARL SWISHER | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR 20 07 1697 |

DECISION AND JOURNAL ENTRY

Dated: September 20, 2023

HENSAL, Judge.

{¶1} Defendant-Appellant, James Swisher, appeals his conviction in the Summit County Court of Common Pleas. This Court affirms.

I.

{¶2} A grand jury indicted Mr. Swisher on one count of domestic violence. The State originally charged him with a fourth-degree felony based on a prior conviction, but Mr. Swisher successfully challenged the State's proof in support of that enhancement. A jury ultimately convicted him of first-degree misdemeanor domestic violence. The trial court sentenced him to jail time, waived any fines, and ordered him to pay court costs. Mr. Swisher did not move to stay the execution of his judgment for purposes of filing an appeal.

{¶3} Mr. Swisher now appeals from his judgment of conviction and raises two assignments of error for review. Because this Court must overrule both assignments of error for the same reason, we consolidate them for purposes of our discussion.

## II.

### ASSIGNMENT OF ERROR I

THE STATE FAILED TO PROVE BEYOND A REASONABLE DOUBT THAT APPELLANT SWISHER KNOWINGLY CAUSED OR ATTEMPTED TO CAUSE PHYSICAL HARM AND THUS THERE IS INSUFFICIENT EVIDENCE FOR THE JURY VERDICT AND THE COURT ERRED IN DENYING THE DEFENDANT'S RULE 29 MOTION.

### ASSIGNMENT OF ERROR II

THE VERDICT AND CONVICTION IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AS THE JURY CLEARLY LOST ITS WAY AND THUS CREATED A MANIFEST MISCARRIAGE OF JUSTICE.

{¶4} In his assignments of error, Mr. Swisher challenges the sufficiency and weight of the evidence underlying his conviction. Because his assignments of error are moot, this Court declines to address their merits.

{¶5} "As a general rule, courts will not resolve issues which are moot." *Boncek v. Stewart*, 9th Dist. Summit No. 21054, 2002-Ohio-5778, ¶ 10. "A case is moot if it involves 'no actual genuine controversy which can definitely affect the parties' existing legal relationship.'" *State v. Ross*, 9th Dist. Lorain No. 18CA011284, 2019-Ohio-323, ¶ 6, quoting *Harris v. Akron*, 9th Dist. Summit No. 24499, 2009-Ohio-3865, ¶ 7.

> "Where a defendant, convicted of a criminal [misdemeanor] offense, has voluntarily paid the fine or completed the sentence for that offense, an appeal is moot when no evidence is offered from which an inference can be drawn that the defendant will suffer some collateral disability or loss of civil rights from such judgment or conviction."

(Alteration sic.) *State v. Carnahan*, 9th Dist. Wayne No. 18AP0029, 2019-Ohio-3217, ¶ 6, quoting *State v. Wilson*, 41 Ohio St.2d 236 (1975), syllabus. A misdemeanant must request a stay pending appeal or otherwise "offer evidence from which this Court could infer that [he] would suffer collateral disability or loss of civil rights stemming from the misdemeanor conviction * * *." *State v. Boone*, 9th Dist. Summit No. 26104, 2013-Ohio-2664, ¶ 7. The burden of presenting evidence

or argument that an appeal is not moot falls on the defendant. *State v. Golston*, 71 Ohio St.3d 224, 226 (1994).

{**¶6**} The trial court only sentenced Mr. Swisher to ninety days in jail and waived the imposition of any fine. Mr. Swisher never asked the court to stay the execution of his sentence so that he might appeal. *Compare State v. Higby*, 9th Dist. Wayne No. 10CA0054, 2011-Ohio-4996, ¶ 2. Nor did he leave his court costs unpaid.[1] *Compare Carnahan* at ¶ 8. Although the State argued mootness in its appellate brief, Mr. Swisher did not file a reply brief or otherwise respond to the State's argument. He also has not set forth any evidence or argument to establish the existence of a collateral disability or loss of civil rights stemming from his conviction. *Compare State v. Fletcher*, 9th Dist. Summit No. 23838, 2008-Ohio-3105, ¶ 11 (appeal from misdemeanor domestic violence conviction not moot where defendant alleged collateral disability). It was Mr. Swisher's burden to establish his appeal was not moot. *See Golston* at 226.

{**¶7**} The record reflects Mr. Swisher voluntarily completed his sentence without seeking a stay and paid his court costs. Because he has not offered any argument that his misdemeanor conviction will subject him to a collateral disability or loss of civil rights, this Court must conclude his appeal is moot. *See State v. Miller*, 9th Dist. Summit No. 23240, 2007-Ohio-370, ¶ 19. Accordingly, Mr. Swisher's assignments of error are overruled on that basis.

III.

{**¶8**} Mr. Swisher's assignments of error are overruled as moot. The judgment of the Summit County Court of Common Pleas is affirmed.

---

[1] The clerk of courts confirmed Mr. Swisher has already paid his court costs. *See State v. Kotowski*, 9th Dist. Wayne Nos. 20AP0026, 20AP0029, 2021-Ohio-3068, ¶ 12 (court may look outside appellate record to determine mootness).

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

SUTTON, P. J.
STEVENSON, J.
CONCUR.

APPEARANCES:

RICHARD P. KUTUCHIEF, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and JACQUENETTE S. CORGAN, Assistant Prosecuting Attorney, for Appellee.