[Cite as *Finney v. Akron City School Dist. Bd. of Edn.*, 2024-Ohio-1203.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

VYRONE AARON FINNEY

    Appellant

    v.

AKRON CITY SCHOOL DISTRICT
BOARD OF EDUCATION

    Appellee

C.A. No.    30493

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV-2021-11-3495

DECISION AND JOURNAL ENTRY

Dated: March 29, 2024

---

CARR, Judge.

{¶1} Plaintiff-Appellant Vyrone Aaron Finney appeals the judgment of the Summit County Court of Common Pleas. This Court dismisses the appeal as moot.

I.

{¶2} In November 2019, Defendant-Appellee Akron City School District Board of Education ("the Board") voted to consider the termination of then principal Mr. Finney and placed him on unpaid administrative leave. Mr. Finney requested a hearing before a referee. A hearing was set for November 8, 2021. At the end of October 2021, Mr. Finney sent the Board a multi-part public records request and sent correspondence to the Board's treasurer requesting that, pursuant to R.C. 3319.16 and R.C. 3319.161, the treasurer execute and serve a subpoena duces tecum upon the Board's records custodian to produce the documents listed in the public records request. The subpoena duces tecum commanded that the production of documents take place on October 29, 2021, at Mr. Finney's counsel's office. The treasurer responded to Mr. Finney's

counsel stating that the treasurer did not have the authority to issue a subpoena duces tecum and referenced R.C. 3319.16 in support of that proposition.

{¶3}    Mr. Finney instituted the instant proceedings on November 2, 2021, when he filed what he labeled as an "Application to Enforce Subpoena Duces Tecum and Production of Documents and Certificate of Efforts Made to Resolve Any Claim of Undue Burden" in the trial court.  Therein, Mr. Finney sought, "[p]ursuant to R.C. 3319.16 and applicable laws, * * * an order * * * directing Respondent Akron City Schools Board of Education to comply with the lawfully issued subpoena duces tecum * * *."  Mr. Finney quoted R.C. 3319.16 in support of his position.  R.C. 3319.16 provides in relevant part that:

> Both parties may be present at such [termination] hearing, be represented by counsel, require witnesses to be under oath, cross-examine witnesses, take a record of the proceedings, and require the presence of witnesses in their behalf upon subpoena to be issued by the treasurer of the board.  In case of the failure of any person to comply with a subpoena, a judge of the court of common pleas of the county in which the person resides, upon application of any interested party, shall compel attendance of the person by attachment proceedings as for contempt.

As for relief, inter alia, Mr. Finney requested that the trial court order the immediate production of the documents pursuant to the subpoena duces tecum.

{¶4}    The Board thereafter filed a motion to dismiss pursuant to Civ.R. 12(B)(1).  The Board maintained that the trial court lacked subject matter jurisdiction as the statute, R.C. 3319.16, authorized the issuance of a subpoena by the treasurer of the board and enforcement of the subpoena via the court of common pleas compelling attendance at the hearing, however, the statute does not address a subpoena duces tecum.  Further, even if the trial court had jurisdiction, the Board maintained that Mr. Finney's requested relief must be denied as a subpoena duces tecum was not issued by the treasurer.  Thus, there was no failure to comply with a subpoena of any kind.

In addition, the Board asserted that, based upon the language of the statute, the word subpoena did not include a subpoena duces tecum.

{¶5} Mr. Finney opposed the motion and argued that the trial court possessed subject matter jurisdiction as the statute gave the trial court jurisdiction when a person failed to comply with a subpoena. Mr. Finney further asserted that the statute's use of the word subpoena included a subpoena duces tecum. While Mr. Finney also requested oral argument on the matter, the trial court denied his motion. The Board filed a reply brief.

{¶6} In October 2022, the trial court granted the Board's motion to dismiss. Mr. Finney has appealed, raising a single assignment of error. Prior to oral argument, the Board filed a motion to dismiss, arguing that the appeal was moot. Mr. Finney filed a motion to strike the motion to dismiss, a motion to continue oral argument, and a motion for sanctions. This Court denied the motion to continue and determined the remaining motions would be deferred for consideration during the final disposition of the appeal. Subsequent to oral argument, Mr. Finney filed a motion in opposition to the motion to dismiss.

II.

## ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED IN REFUSING TO COMPEL PERSONS TO COMPLY WITH SUBPOENAS ISSUED PURSUANT TO R.C. 3319.16[.]

{¶7} Mr. Finney argues in his sole assignment of error that the trial court erred in dismissing the underlying matter and in refusing to compel compliance with the subpoenas. Because we conclude this matter is moot, we do not reach the merits of his arguments.

{¶8} "As a general rule, courts will not resolve issues which are moot." *State v. Swisher,* 9th Dist. Summit No. 30169, 2023-Ohio-3327, ¶ 5, quoting *Boncek v. Stewart*, 9th Dist. Summit No. 21054, 2002-Ohio-5778, ¶ 10. "Actions are moot when they involve no actual genuine

controversy which can definitely affect the parties' existing legal relationship. A moot case is one which seeks to get a judgment * * * upon some matter which, when rendered, for any reason cannot have any practical legal effect upon a then-existing controversy." (Internal quotations and citations omitted.) *Harris v. Akron*, 9th Dist. Summit No. 24499, 2009-Ohio-3865, ¶ 7. "[A] court may consider evidence that is outside the record to determine if a case is moot." (Internal quotations and citations omitted.) *Breen v. Summit Cty. Child Enforcement Agency*, 9th Dist. Summit No. 28759, 2018-Ohio-2501, ¶ 7.

{¶9} In its motion to dismiss this appeal as moot, the Board asserts that Mr. Finney's hearing before the referee has been completed, the referee issued a report recommending Mr. Finney's termination, the Board adopted the report and recommendation of the referee, the Board has terminated Mr. Finney's employment with the Board, and Mr. Finney has appealed the decision of the Board in a different case in the court of common pleas. Mr. Finney does not appear to dispute these basic facts.

{¶10} It is abundantly clear that the termination hearing before the referee is complete. The subpoena duces tecum that Mr. Finney sought to have the treasurer issue was without question for purposes of that specific proceeding. As the hearing is completed, granting Mr. Finney the relief he sought below can have no practical legal effect upon the matter. *See Harris* at ¶ 7. Accordingly, the matter is moot. *See id.*

{¶11} The appeal is dismissed.

### III.

{¶12} We cannot address the merits of the appeal as it is moot. Any other outstanding motions are denied.

Appeal dismissed.

———

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

SUTTON, P. J.
STEVENSON, J.
CONCUR.

APPEARANCES:

MATTHEW JOHN MARKLING, Attorney at Law, for Appellant.

DIANA M. FEITL, ALEJANDRO V. CORTES, and HAILEE KEPCHAR, Attorneys at Law, for Appellee.